UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-CV-22991-KMW

ROBERT M. LAWRENCE,

    Plaintiff,

vs.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

_____/

**PROTECTIVE ORDER**

WHEREAS, Robert Lawrence ("Plaintiff"), plaintiff in the above-captioned action ("Action") and Defendant BAYVIEW LOAN SERVICING, LLC ("BAYVIEW"), defendant in the Action, may seek discovery or documents, information, or other materials, which may contain or relate to confidential, proprietary, or trade secret information of another party or third-party;

IT IS HEREBY ORDERED that the following Protective Order is entered in this Action:

**1.**     **SCOPE**

    1.1    "Designating Party" shall mean a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Confidential Information.

    1.2    "Confidential Information" shall mean and include any document (whether in hard copy or electronically stored information), deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided by or on behalf of a Designating Party (or any of their attorneys or other agents) ("Discovery Materials"), that contains non-public, confidential, proprietary, or trade secret information, whether personal

or business-related, including but not limited to financial information, loan related documents or information, proprietary business information, policies and procedures, training manuals, and trade secrets.

  1.3 Confidential Information shall not include any Discovery Materials that:

   (a) have been (and remain) or become lawfully in the possession of the receiving party through communications other than production or disclosure in this Action by the Designating Party, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the receiving party may continue to use such documents in the course of their business subject to those agreements;

   (b) have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the receiving party; or

   (c) may not under law be treated as confidential.

  1.4 Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

**2. DESIGNATING PROTECTED MATERIAL**

  2.1 <u>General</u>.  Any Confidential Information provided by any Designating Party may be designated as "Confidential" under the terms of this Protective Order.

  2.2 <u>Confidential - Attorneys' Eyes Only</u>.  A Party may designate as "Confidential - Attorneys' Eyes Only" any Confidential Information that it reasonably and in good faith believes is of such a sensitive nature that disclosure to persons other than those listed in paragraph 3.2 could reasonably be expected to result in injury.

  2.3 <u>Manner of Designation</u>.  The designation of Confidential Information (other than deposition transcripts, which are addressed separately herein) shall be made by the Designating

Party in the following manner: Documents designated "Confidential Information" shall be so marked by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" or similar confidential designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

2.4     Timing of Designation.  Any such Confidential designation shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender.

2.5     Inadvertent Failure to Designate.  An inadvertent failure to designate Confidential Information does not constitute a waiver of the Designating Party's right to secure protection under this Protective Order for such material.  A Designating Party may so designate a document after such document has been produced by written notice to all parties, with the effect that such document is thereafter subject to the protections of this Protective Order.

**3.     ACCESS TO AND USE OF PROTECTED MATERIAL**

3.1     Disclosure of Confidential Information.  Information designated as "Confidential," or copies of extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     the parties (including officers, directors, employees, insurers, counsel, and representatives of the parties);

(b)     the parties' outside counsel of record in this action and regular and temporary employees of such counsel to whom it is necessary that the information be shown for the purposes of this litigation;

(c)     the Court, Court personnel, and stenographic and video reporters engaged in proceedings or otherwise employed incident to this Action;

(d) outside consultants, who are defined as persons who are neither a party nor an employee, officer, director or representative of a party nor anticipated to become an employee, officer, director or representative in the near future, and who are retained or employed as a bona fide outside independent consultant or expert for purposes of this litigation, whether full or part time, by or at the direction of a party or its counsel;

(e) outside graphics or design services retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other court proceedings in this action, as well as outside copying service companies, including imaging companies;

(f) non-technical jury or trial consulting services retained by counsel for a party; and

(g) any other person only upon order of the Court or upon written consent of the party producing the Confidential Information.

3.2   <u>Disclosure of Information Designated "Confidential - Attorneys' Eyes Only"</u>. Information designated as "Confidential – Attorneys' Eyes Only," or copies of extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to those persons listed in paragraphs 3.1(b), (c), or (g).

3.3   <u>Agreement to be Bound by the Protective Order</u>.  All persons listed in paragraphs 3.1(d)-(g) above who may be given access to information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" must first confirm, prior to disclosure of such information, their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of an undertaking in the form attached hereto as Exhibit A.

3.4     Limited Use of Confidential Information.  Confidential Information, or the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used solely for the purpose of this Action, and any appeals therefrom, and shall not be made available to any persons other than those persons permitted by the terms of this Protective Order to have access to such Confidential Information.  Confidential Information shall be maintained by the receiving party under the overall supervision of outside counsel, with the exception of information designated as "Confidential - Attorneys' Eyes Only," which shall be maintained by the receiving party's outside counsel.

3.5     <u>Storage of Confidential Information</u>.  Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that the confidential nature of the same is maintained.

3.6     <u>Use of Confidential Information in Depositions</u>.  When Confidential Information is discussed, quoted, or referred to in any deposition, the disclosing party shall ensure that only persons permitted by this Protective Order to have access to such Confidential Information are present.  The use of any such Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreement or order as the need may arise.

3.7     <u>Designation of Confidential Information in Deposition Transcripts</u>.  A party may designate any portion or all (if appropriate) of a deposition transcript as containing Confidential Information by so advising the deposition reporter, or by so advising all other parties in writing within thirty calendar days after receipt of the transcript.  Until thirty calendar days have passed after receipt of any transcript, that entire transcript shall be deemed to be Confidential

Information.  In the event of disagreement about the Confidential status of a deposition transcript, it shall continue to be treated as "Confidential" or "Confidential-Attorneys' Eyes Only" until this Court rules otherwise.

**4.      DURATION**

All provisions of this Protective Order restricting the use of Confidential Information shall continue to be binding on the parties and all persons who have executed acknowledgement forms pursuant to this Protective Order, after the conclusion of this Action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential Information to any third parties absent a court order.

**5.      PRESERVATION OF CERTAIN RIGHTS**

Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Protective Order shall not:

(a)     Operate as an admission by any party that any Discovery Material designated as Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

(c)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d) Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential Information should be subject to the terms of this Protective Order;

(e) Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

(f) Prevent any party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material.

**6.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

6.1    If a party is served with a subpoena, court order, regulatory request, or other demand that compels disclosure of any information or items designated in this action as Confidential Information ("Protected Materials Request"), that party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the Protected Materials Request;

(b) promptly notify in writing the party who caused the Protected Materials Request to issue that some or all of the material requested is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

6.2    If the Designating Party timely seeks a protective order, the party served with the Protected Materials Request shall not produce any information designated in this action as Confidential Information before a determination by the court or body from which the request issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Confidential Information, and

nothing in these provisions should be construed as authorizing or encouraging a party in this Action to disobey a lawful directive from another court.

**7.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**

If Confidential Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and make every reasonable effort to retrieve such Confidential Information and to prevent further disclosure.

**8.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION**

The inadvertent production of any privileged or otherwise protected or exempted information shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials, or the subject matter thereof.  Promptly after discovering an inadvertent production of privileged information, the discovering party shall notify the other party, in writing, of the inadvertent production.  Within five business days thereafter, the receiving party must certify the following: (a) it has returned or destroyed the specified information and any copies that it has (provided, however, that if the receiving party intends to raise the privilege issue with the court, it may retain and use one copy of the information solely for this purpose); (b) it has taken reasonable steps to retrieve any specified information that already has been disclosed, including without limitation consenting to a motion to seal court files containing the information if so requested; and (c) it will not use or disclose the information unless the Court subsequently determines that the claim of privilege is invalid.

Should the Parties agree the information disclosed is privileged or otherwise protected or exempted information the Parties shall both consent to entry of an order of the Court pursuant to Rule 502(d) of the Federal Rules of Evidence.

By providing this certification, the receiving party does not waive any right it has to challenge the assertion of privilege and to move for an order of the court denying such privilege; provided, however, that (i) the receiving party may not assert as a ground for such motion the fact or circumstances of the inadvertent production, and (ii) the receiving party must move to file the document(s) at issue under seal or present them *in camera* if it chooses to present the document (s) to the court.  The provisions of this paragraph apply to all information or materials produced in the litigation, whether designated Confidential or not.

9.    MISCELLANEOUS

9.1    Filing of Confidential Information.  If either party desires to file anything that has been designated as Confidential Information with the Court, then that party must move to file the Confidential Information under seal, unless the producing party provides written consent in advance that filing the Confidential Information under seal is unnecessary.  Any such motion to file under seal shall be made in accordance with Local Rule 5.4 of the United States District Court for the Southern District of Florida.

9.2    Violations.  Any violation of the terms of this Protective Order shall be punishable by money damages, interim or final injunctive or other equitable relief, sanctions, contempt of court citation, or such other or additional relief as deemed appropriate by the Court.

9.3    Third Parties.  Third parties who produce information in this Action may avail themselves of the provisions of this Protective Order, and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

       9.4    Jurisdiction.  The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

**DONE AND ORDERED** at Miami, Florida, on _____, 2015.

                                    **Honorable Kathleen M. Williams**
                                    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:14-CV-22991-KMW

ROBERT M. LAWRENCE,

    Plaintiff,

vs.

BAYVIEW LOAN SERVICING, LLC,

    Defendant.

_____/

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

    I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order (the "Protective Order") entered by Court in the above-captioned action (the "Action"). I agree to comply with and to be bound by all the terms of that Protective Order. I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. Should I breach this Acknowledgement and Agreement to be Bound ("Acknowledgement"), I understand that the Parties shall be entitled to an injunction or other equitable relief as a remedy for such breach and/or the recovery of damages and attorney's fees incurred if any legal proceeding is brought to enforce the terms of this Acknowledgement and the Protective Order.

    For purposes of enforcing the terms of the Protective Order and Acknowledgement, I agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida with respect to any action to enforce the terms of the Protective Order and Acknowledgment, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Home Address: _____

                _____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____