UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-cv-22991-KMW

ROBERT M. LAWRENCE,

        Plaintiff,

v.

BAYVIEW LOAN SERVICING, LLC,

        Defendant.
_____/

### AFFIDAVIT OF VANESSA MAESTU IN SUPPORT OF BAYVIEW LOAN SERVICING, LLC'S MOTION FOR SUMMARY FINAL JUDGMENT

STATE OF FLORIDA
COUNTY OF Miami-Dade

BEFORE ME, an officer authorized to take oaths, this day personally appeared Vanessa Maestu, of Bayview Loan Servicing, LLC (**Bayview**) who, first being duly sworn, deposes on personal knowledge and says:

1. I am authorized to sign this affidavit on behalf of defendant Bayview, as an employee of Bayview. I am over the age of 18 and competent to testify as to the matters contained herein.

2. Bayview maintains records for each loan account, including the loan account of plaintiff Robert M. Lawrence. I am familiar with the different record keeping systems Bayview uses to manage each loan account. I have reviewed the file Bayview maintains for Mr. Lawrence's mortgage loan account, including but not limited to the servicing notes, attached as **EXHIBIT A**, and all correspondence received by Bayview from Mr. Lawrence.

3. Bayview's business records, including all records kept in the PaperVision system and the servicing notes discussed below, are: (a) made at or near the time by, or from information transmitted by, someone with knowledge; (b) kept in the course of Bayview's regularly conducted activity of business, organization, occupation, or calling; and (c) made as a regular practice of Bayview's business.

4. Mr. Lawrence entered into a mortgage loan with American Brokers Conduit on May 21, 2007 by executing a note in the amount of $1,000,000.00 and a deed of trust securing the

{36372662;1}

loan on that date. The note was secured by a property located at 891 South Dyer Circle, Incline Village, Nevada.

5. Saxon Mortgage Services, Inc. ("Saxon") was responsible for the daily management and administration of the Loan until April 2011. During this period Saxon was responsible for such tasks as the collection of Mr. Lawrence's monthly mortgage payments and the review of the Loan for qualification for a loan modification.

6. Mr. Lawrence applied and was approved for a loan modification with Saxon. As part of the loan modification Mr. Lawrence completed and submitted a Saxon Mortgage Financial Statement, attached as **EXHIBIT B**.

7. A cellular telephone number, (916) 715-3295, was included in the Saxon Mortgage Financial Statement

8. Bayview purchased the Loan on or about April 3, 2011 and assumed the daily management and administration of the Loan, including the collection of monthly mortgage payments from Mr. Lawrence.

9. Upon the transfer of servicing rights from Saxon to Bayview, all of the documents contained in Saxon's loan file for Mr. Lawrence, including the Saxon Mortgage Financial Statement and correspondence dated November 1, 2009, attached as **EXHIBIT C**, were transferred to Bayview.

10. The file Bayview received from Saxon for the Loan was reviewed for accuracy and the documents contained therein, including the Saxon Mortgage Financial Statement and correspondence dated November 1, 2009, were uploaded into Bayview's records keeping systems. The information in the documents Bayview received from Saxon for the Loan, including Mr. Lawrence's cellular telephone number, was then used in the daily management and administration of the Loan.

11. The only accurate working number Bayview has ever possessed, from the time the loan was transferred from Saxon to the present, belonging to Mr. Lawrence is the telephone number (916) 715-3295.

12. One of the methods by which Bayview contacts its clients is through use of automatic telephone dialing system ("ATDS") calls.

13. The purpose of each and every ATDS call Bayview places is related to the management and administration, such as reminding clients a monthly mortgage payment is late or collecting on a loan in default, each specific mortgage loan for the specific client Bayview is attempting to contact.

14. Any and all ATDS calls placed to Mr. Lawrence's cellular telephone for purposes of administration and management of the Loan.

{36372662;1}

2

15. A Bayview representative spoke with Mr. Lawrence as the result of an ATDS call on three dates, October 5, 2011, June 4, 2012, and July 7, 2012, from the commencement of Bayview's servicing of Mr. Lawrence's loan to the present. These are the only instances wherein contact was made with Mr. Lawrence as the result of an ATDS.

16. The only instances wherein Mr. Lawrence requested Bayview not to call him were verbal requests which occurred during ATDS calls on the following dates: (1) October 5, 2011; (2) June 4, 2012; and (3) July 7, 2012.

17. Bayview never received a written request from Mr. Lawrence asking for Bayview not to call his cellular telephone.

18. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated March 25, 2012, **EXHIBIT D,** was received by Bayview.

19. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated May 25, 2012, **EXHIBIT E,** was received by Bayview.

20. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated June 30, 2012, **EXHIBIT F,** was received by Bayview.

21. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated November 8, 2012, **EXHIBIT G,** was received by Bayview.

22. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated April 1, 2013, **EXHIBIT H,** was received by Bayview on April 9, 2013.

23. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated October 1, 2013, **EXHIBIT I,** was received by Bayview on October 15, 2013.

24. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated October 26, 2013, **EXHIBIT J,** was received by Bayview on November 15, 2013.

25. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated November 21, 2013, **EXHIBIT K,** was received by Bayview.

26. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 3, 2014, **EXHIBIT L,** was received by Bayview.

27. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 5, 2014, **EXHIBIT M,** was received by Bayview on January 13, 2014.

28. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 13, 2014, **EXHIBIT N,** was received by Bayview.

29. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 14, 2014, **EXHIBIT O,** was received by Bayview on January 21, 2014.

30. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 24, 2014, **EXHIBIT P,** was received by Bayview.

31. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 27, 2014, **EXHIBIT Q,** was received by Bayview on February 28, 2014.

32. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated February 4, 2014, **EXHIBIT R,** was received by Bayview on February 13, 2014.

33. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated February 26, 2014, **EXHIBIT S,** was received by Bayview on March 3, 2014.

34. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated March 10, 2014, **EXHIBIT T,** was received by Bayview on March 17, 2014.

35. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated April 4, 2014, **EXHIBIT U,** was received by Bayview on April 11, 2014.

36. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated April 28, 2014, **EXHIBIT V,** was received by Bayview.

37. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated August 29, 2014, **EXHIBIT W,** was received by Bayview on September 4, 2014.

38. I am able to determine from my review of Mr. Lawrence's loan file that October 1, 2014, **EXHIBIT X,** was received by Bayview on October 8, 2014.

39. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated November 1, 2014, **EXHIBIT Y,** was received by Bayview on November 3, 2014.

40. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated December 1, 2014, **EXHIBIT Z,** was received by Bayview on December 4, 2014.

41. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated January 1, 2015, **EXHIBIT AA,** was received by Bayview on January 3, 2015.

42. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated February 1, 2015, **EXHIBIT BB,** was received by Bayview on February 5, 2015.

43. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated February 27, 2015, **EXHIBIT CC,** was received by Bayview on March 5, 2015.

44. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated April 1, 2015, **EXHIBIT DD,** was received by Bayview on April 7, 2015.

45. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated May 1, 2015, **EXHIBIT EE,** was received by Bayview on May 4, 2015.

46. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated June 1, 2015, **EXHIBIT FF,** was received by Bayview on June 4, 2015.

47. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated July 1, 2015, **EXHIBIT GG,** was received by Bayview on July 6, 2015.

48. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated August 1, 2015, **EXHIBIT HH,** was received by Bayview on August 3, 2015.

49. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated September 1, 2015, **EXHIBIT II,** was received by Bayview on September 5, 2015.

50. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated April 30, 2013, **EXHIBIT JJ,** was received by Bayview.

51. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated September 1, 2013, **EXHIBIT KK,** was received by Bayview.

52. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated December 24, 2013, **EXHIBIT LL,** was received by Bayview.

53. I am able to determine from my review of Mr. Lawrence's loan file that the letter dated May 25, 2014, **EXHIBIT MM,** was received by Bayview.

54.  I am able to determine from my review of Mr. Lawrence's loan file that the letter dated July 18, 2014, **EXHIBIT NN,** was received by Bayview.

FURTHER AFFIANT SAYETH NOT.

Bayview Loan Servicing, LLC

By: Vanessa Maestu
Title: Vice President

SWORN TO and subscribed before me this 14 day of October, 2014, by Vanessa Maestu, as Vice President of Bayview Loan Servicing, LLC He/she ( ) is personally known to me or (X) produced FL Driver License as identification.

Notary Public
Print Name: David Rivas

My commission expires



DAVID A. RIVAS
MY COMMISSION # FF907526
EXPIRES: August 06, 2019

{36372662;1}

6